UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTIAN MIRON, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:11-CV-446 (VLB) |
| : | |
| TOWN OF STRATFORD, : | |
| STRATFORD POLICE DEPARTMENT, : | |
| ORLANDO SOTO (in his individual : | |
| Capacity), JOSPEH MCNEIL (in his : | |
| individual capacity), and SHAWN : | |
| FARMER (in his individual and : | |
| official capacities), : | |
|     DEFENDANTS. : | November 7, 2012 |

### MEMORANDUM OF DECISION GRANTING DEFENDANT SHAWN FARMER'S MOTION TO DISMISS [DKT. 185]

    The Plaintiff, Christian Miron ("Miron"), originally alleged a total of thirty counts against Defendants Shawn Farmer ("Farmer"), Orlando Soto ("Soto"), Joseph McNeil ("McNeil"), and the Town of Stratford, including the Stratford Police Department (collectively referred to as the "Town"), including both common law state claims and constitutional violations. On August 27, 2012, this Court issued a Memorandum of Decision [Dkt. 170] granting in part and denying in part various motions to dismiss filed by the Defendants. Specifically, the Court dismissed Plaintiff's claims for violations of Plaintiff's right to privacy, equal protection, and freedom of association pursuant to 42 U.S.C. § 1983 as against the Town of Stratford and as against Defendants McNeil and Soto in their official capacities, and dismissed Plaintiff's conspiracy claims pursuant to 42 U.S.C. § 1985 as against Defendants McNeil and Soto in their official capacities.

1

Defendant Farmer, however, did not move to dismiss these official capacity claims against him at the time.  Plaintiff has since filed a Third Amended Complaint [Dkt. 176] containing claims against Farmer in his official capacity which the Court had previously dismissed as against his co-defendants.  Currently before the Court is a Motion for Judgment on the Pleadings and Motion to Dismiss filed by Defendant Farmer urging the Court to dismiss the official capacity counts against him.[1]  Because this motion has been filed in response to Plaintiff's Third Amended Complaint and urges dismissal based on failure to state a claim upon which relief may be granted, the Court construes this motion as a motion to dismiss.

I. Factual Background

Defendants Soto, McNeil and Farmer are police officers employed as a Lieutenant, Captain and Sergeant, respectively, by the Town.  [Dkt. 176, Third Amended Complaint ("Compl."), ¶¶ 9-11].  Defendants McNeil and Farmer serve as the vice president and president of the local police union, respectively.  [*Id.* at ¶ 10-11].  The local police union opposed Town of Stratford Mayor James Miron's actions regarding the police department, including his choice for Chief of Police.  [*Id.* at ¶ 17].  James Miron is the Plaintiff's brother.  [*Id.* at ¶ 16.]

Around October, 2007, Plaintiff Miron applied to be a police officer with the Town.  [*Id.* at ¶ 18.]  Miron alleges that he passed all the required examinations and was evaluated by a psychologist, who recommended him to be hired.  [*Id.* at ¶¶ 19-20.]  In March, 2008, Miron reports that the Town verbally extended him an

---

[1] These are Counts Three, Four, Seven and Eight in Plaintiff's Third Amended Complaint.

2

offer of employment conditioned upon his placement with the Connecticut Police Academy.  [*Id.* at ¶ 21].  This was later confirmed by letter on April 18, 2008.  [*Id.*]  Miron alleges that his background report, including his psychological evaluation, was stored electronically by the Stratford Police Department and was protected by a computer system to prevent unauthorized access.  [Dkt. 176, Compl. at ¶ 22.]  Miron contends that his background report contained the results of a confidential psychological evaluation and polygraph test and personal questions relating to his social, financial, medical and family history.  [*Id.* at ¶ 23.]  Miron felt he had a reasonable expectation of privacy regarding this report.  [*Id.* at ¶ 24.]

Miron asserts that around March 25, 2008, Soto unlocked and accessed Miron's report on the computer, wrote down the access code, and gave the code to Farmer, all without authorization.  [*Id.* at ¶ 26].  Miron asserts that Farmer then accessed the report on the computer system, after which Soto and another officer were captured on the department's security camera looking at the report on Farmer's computer.  [*Id.* at ¶¶ 27-28].  Miron further asserts that Farmer then went into the area where McNeil's office was located and returned back to the computer shortly thereafter.  [*Id.* at ¶ 29].  Miron contends that during the time Farmer was in proximity to McNeil's office, McNeil accessed Miron's report and printed a copy of it.  [*Id.* at ¶ 30].  Miron claims that the Defendants did not access the reports of any other candidates for the police department.  [*Id.* at ¶ 34].  Miron alleges that before the end of March, 2008, Farmer and/or McNeil mailed the report to the media and members of the Town Council.  [*Id.* at ¶ 35].  Michael Henrick, Chairman of the Town Council and political opponent to Miron's brother,

3

James Miron, discussed the contents of the report at the Town Council's public meetings and with members of the media. [*Id.* at ¶¶ 15-16, 37-39]. Miron asserts that as a result of the publicity, he was not placed in the Connecticut Police Academy and ultimately was not hired by the Town. [*Id.* at ¶¶ 40-41].

An investigation was conducted into McNeil's, Soto's[2] and Farmer's conduct, resulting in a report concluding that McNeil had accessed and released Miron's report without authorization. [Dkt. 176, Compl. at ¶ 42]. Miron contends that this conduct was in violation of Town of Stratford Policy No. C014 and Stratford Police Department Policy No. P9411110, which speak to confidentiality and the procedure for obtaining confidential information. [*Id.* at ¶ 43]. Miron asserts that there were no Town policies in place specifically addressing the protection of background reports of police candidates. [*Id.* at ¶ 44]. Lastly, Miron asserts that although McNeil and Soto were initially suspended from duty, they were "welcome[d] . . . back to work" publicly by Police Chief Buturla in January, 2011, with full seniority rights, restoration of rank and reimbursement of all wages and benefits lost. [*Id.* at ¶ 47-48].

## II. Legal Standard

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While Rule 8 does not require detailed factual

---

2   The Complaint fails to allege that Soto's conduct was investigated, but the subsequent paragraphs, which discuss the results and consequences of the investigation, include Soto. Thus, the Court will construe the complaint to allege that Soto's conduct was, in fact, also investigated.

allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the

5

complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005)(MRK).

   III. Analysis

      A.   Farmer's Liability in His Official Capacity

         a. § 1983 Claims

Farmer urges the Court to dismiss the counts against him in his official capacity in light of the Court's dismissal of the same official capacity counts against Defendants Soto and McNeil in its July 24, 2012 decision. More specifically, Farmer contends that Plaintiff has failed to allege any facts in support of his 42 U.S.C. § 1983 claims which would support a claim that Farmer acted either pursuant to municipal policy, municipal custom or practice, or as a municipal policymaker with final policymaking authority. The Court agrees.

In its July 24, 2012 Memorandum of Decision, this Court dismissed Plaintiff's § 1983 claims against the Town of Stratford, holding that "[t]he Plaintiff does not allege directly that the existence of a policy, custom, practice or decision by a final policymaker caused the defendant officers' conduct" in violation of his rights to privacy, freedom of association, or equal protection, nor did Plaintiff meet the standard to plausibly allege deliberate indifference such that

municipal liability would attach. [Dkt. 170 at p. 6-7] The Court then dismissed the official capacity claims against Defendants McNeil and Soto, concluding that "where the Court, as previously discussed, finds that Plaintiff's allegations of municipal liability against the Town of Stratford fail to state a claim by failing to plausibly allege that the purported violations of his right to privacy, equal protection, and freedom of association were committed through a policy, custom, or practice of the Town, such allegations necessarily fail to state a claim against Defendants Soto and McNeil in their official capacities as well." [Dkt. 170 at pp. 23-24.] Lastly, the Court found that Plaintiff's § 1983 claims against Defendants Soto and McNeil failed to allege that either Defendant had final decision-making authority as to any Town policies.[3] [*Id.* at p. 24.]

Here, because this Court has previously determined that Plaintiff has failed to state a claim of municipal liability against the Town of Stratford for violations of privacy, freedom of association and equal protection rights, the Court consequently concludes that such allegations also necessarily fail to state a claim against Defendant Farmer for the reasons enunciated in its July 24 decision. [Dkt. No. 170 ]

Furthermore, Plaintiff's § 1983 claims against Defendant Farmer in his official capacity – as with his identical claims against Defendants Soto and McNeil – fail to allege that Farmer had final decision-making authority as to any Town

---

[3] The Court notes that it erroneously stated in its Memorandum of Decision that "Plaintiff's § 1983 claims against Defendants Soto and Farmer fail to allege that either Defendant had final decision-making authority as any to Town policies." [Dkt. 170 at p. 24] This sentence should reference "Defendants Soto and McNeil," when it should have stated "Defendants Soto and Farmer."

7

policies. As enunciated in the Court's prior decision, the last method through which a plaintiff may plausibly allege liability on behalf of a municipal employee in his official capacity is by asserting that the defendant, as a municipal policymaker, made a final decision that caused a violation of the plaintiff's constitutional rights. *Zherka v. DiFiore*, 412 Fed. Appx. 345, 348 (2d Cir. 2011). The defendant-policymaker must be the "moving force" behind the conduct that ultimately deprived a plaintiff of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

At most, the Third Amended Complaint alleges that Farmer was a Sergeant in the police department [Dkt. 176, Compl. ¶ 11], but fails to allege that this position involved any type of final decision-making authority. Absent any factual allegations asserting that Farmer made, or had the power to make, any decisions concerning policies regarding accessing and disclosing confidential information within the police department, Plaintiff cannot rely on this avenue of asserting liability against Defendant Farmer in his official capacity.[4]

Given this Court's finding in the July 24 decision that Plaintiff did not plausibly allege facts that could lead to municipal liability of the Town of Stratford, coupled with Plaintiff's failure to allege facts such that this Court could conclude that Defendant Farmer had final decision-making authority as to any Town

---

[4] The Court also notes that, as discussed in the Court's Memorandum of Decision [Dkt. 170], Plaintiff's Complaint does not differentiate between the facts applicable to each Defendant, nor do the asserted facts differ between the Second and Third Amended Complaints. Rather, Plaintiff sets forth the same factual allegations for each count as against Defendants McNeil, Soto and Farmer. Thus, the Court considered in its July 24 Memorandum of Decision the claims against the Defendants in their official capacity as they related to all three Defendants, as it has also done here.

8

policies, Plaintiff's § 1983 claims against Farmer in his official capacity (Counts Three, Four, and Seven) must be dismissed.

    a. § 1985 Claim

In its July 24 decision, the Court also concluded that Plaintiff had failed to sufficiently allege a conspiracy under 42 U.S.C. § 1985 against Defendants Soto, McNeil and Farmer in their individual capacities because (1) Plaintiff's allegations were "wholly conclusory," and (2) Plaintiff failed to allege "that the Defendants' conspiratorial conduct was driven by any racial or class-based animus held towards him." [Dkt. 170 at p. 21]. Thus, the Court dismissed the § 1985 claims as to Soto, McNeil and Farmer in their individual capacities. [*Id.* at pp. 20-21]. The Court likewise dismissed Plaintiff's identical claims as against Defendants Soto and McNeil in their official capacities "for the same reasons that the Counts fail against them in their individual capacities." [*Id.* at 25]. Defendant Farmer failed to move to dismiss this official capacity claim against him at the time of the July 24 decision. Because this Court previously dismissed Plaintiff's individual capacity claim for conspiracy under § 1985 as against Farmer in his individual capacity, the Court now dismisses the official capacity claim for conspiracy under § 1985 against Farmer (Count Eight).

IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Counts Three, Four, Seven and Eight as against Shawn Farmer in his *official capacity* shall be dismissed. All other counts in the Third Amended Complaint

9

[Dkt. 176], to wit, Counts One through Three, Five through Seven, and Nine through Twenty-three, remain extant.[5]

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 7, 2012

---

[5] **Counts Three and Seven as against Shawn Farmer in his *individual capacity* remain extant for trial.**